UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO.: |
| v. | : | 3:04-cv-1331 (JCH) |
| | : | |
| RICHARD A. KWAK and STEPHEN J. WILSON | : | |
| Defendants | : | JULY 8, 2008 |

**RULING RE: PLAINTIFF'S RENEWED MOTION TO CORRECT RESPONSE TO DEFENDANT WILSON'S REQUEST FOR ADMISSIONS [Doc. No. 307]**

Pending before the court is the SEC's Motion to Correct [Doc. No. 307]. In this Motion, the SEC seeks leave to amend its response to one of defendant Wilson's Requests for Admission.

Relatively early in this case, defendant Wilson served on the SEC a number of Requests for Admission. See Fed. R. Civ. P. 36. In Request No. 9, Wilson stated: "The Commission has no documents reflecting the time of day Wilson transmitted orders to purchase CTT [s]tock for himself, his Family Members, and/or his customers." The SEC fully admitted Request No. 9 in its response, which was served on March 2, 2005.

In 2007, shortly before the first trial in this case, the SEC discovered that its admission had been inaccurate. That is, the SEC realized that it possessed order entry times for those of Wilson's orders placed through the UBS brokerage house. Those times were contained in "trade blotter" data that the SEC has received from UBS in 2002. The SEC then filed a Motion to Amend its admission, see Doc. No. 210, which this court denied, see Doc. No. 228.

1

After the first trial ended in a hung jury, the SEC filed a renewed Motion.  See Doc. No. 307.  At a subsequent phone conference, the court discussed the Motion with the parties, and it directed the SEC to inquire of UBS regarding the state of UBS's records.  The SEC has now reported back, and has supplied the Declaration of Joy Weber in support of its Motion.  See Doc. No. 343.

A matter admitted under Rule 36

> is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).  Under this Rule, a court may only allow the admission to be amended "when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result."  Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir. 1983).  Even when both conditions are satisfied, the court retains discretion to disallow a proposed amendment.  See id.

Here, the court will not allow the proposed admission because it concludes that doing so would prejudice defendant Wilson.  Weber's declaration states that UBS has not been able to locate any of the paper order tickets for Wilson's trades, all of which took place between October 1999 and August 2002.  Weber Dec. at ¶ 8.  The absence of records is not surprising, as UBS only requires its offices to maintain paper order tickets for five years.  See id. at ¶ 7.

The absence of the paper order tickets is important.  In opposing the SEC's Motion, Wilson contends that, if the SEC had not made its admission back in early

2005, Wilson could have undertaken his own review of the paper order tickets to see how well they matched UBS's electronic records. See Defendant's Response to Plaintiff's Supplemental Mem. (Doc. No. 347) at 3. As of March 2005, nearly all of these records would still have been available. Now, however, none of the records are available.

The SEC implies that any prejudice is minimal (or possibly nonexistent) because the trade blotter data accurately reflects UBS's electronic trading records, and the electronic records are the "official" records.[1] This does not change the fact that Wilson is unable to fully test the "official" records to see how accurately and fully they reflect the actual paper orders.

The court additionally notes that defendant Wilson has represented that he relied on the SEC's admission when he decided to go to trial, at great expense, rather than settle. This factor further counsels against the court exercising its discretion to relieve the SEC from its admission.

The SEC's Renewed Motion to Correct [Doc. No. 307] is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 8th day of July, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] The SEC also cites portions of the Weber Declaration in which Weber explains the various quality controls used by UBS to ensure the accuracy of its electronic records. However, Weber also states that she has only been working at UBS since 2007. The court does not see how she could have personal knowledge of whether all information on the paper record was inputted to the electronic record, nor could she have personal knowledge of the data controls that were in effect between 1999 and 2002.